# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

**Fill in this information to identify your case:**

Debtor 1  Kenneth Howard Gilbert
<u>First Name</u>        <u>Middle Name</u>        <u>Last Name</u>

Debtor 2  Danielle GlennetteCales Gilbert
(Spouse, if filing)  <u>First Name</u>        <u>Middle Name</u>        <u>Last Name</u>

Case Number  **20-10075-SDB**
(If known)

☐ Check if this is an amended plan.

## CHAPTER 13 PLAN AND MOTION

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

   (a) This plan:  ☒ contains nonstandard provisions. See paragraph 15 below.
   ☐ does not contain nonstandard provisions.

   (b) This plan:  ☒ values the claim(s) that secures collateral. See paragraph 4(f) below.
   ☐ does not value claim(s) that secures collateral.

   (c) This plan:  ☒ seeks to avoid a lien or security interest. See paragraph 8 below.
   ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

   (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $ **1,100.00 per month** for the applicable commitment period of:

   ☐ 60 months; **or**

   ☒ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

   (If applicable include the following:  These plan payments will change to $_____ monthly on _____, 20____.)

   (b) The payments under paragraph 2(a) shall be paid:

   ☒ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan.  Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

   ☒ Debtor 1 **100** %  ☐ Debtor 2 _____ %

   ☐ Direct to the Trustee for the following reason(s):
   ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
   ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):

   _____

   (c) Additional Payments of $_____ (estimated amount) will be made on _____ (anticipated date)

from _____ (source, including income tax refunds).

3. **Long-Term Debt Payments.**

   (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO BE MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| | | | | | |

   (b) **Cure of Arrearage on Long-Term Debt**. Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $ **4,000.00** .

   (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| American First Finance, Inc. | Personal Property | $1,206.00 | 2% | Min. of $22.00 |
| Progressive Leasing | Personal Property | $1,000.00 | 2% | Min. of $18.00 |
| RNR Tire Express | Personal Property | $2,000.00 | 2% | Min. of $35.00 |

   (e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a

purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Professional Financial Services | Ford Motor Vehicle | $16,809.00 | 6% | Min. of $325.00 |

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Americredit Financial Services, Inc. dba GM Financial | Kia Motor Vehicle | $11,537.00 | 6% | Min. of $225.00 |
| W. S. Badcock Corporation | Personal Property | $1,000.00 | 2% | Min. of $18.00 |
| 1st Franklin Financial Corporation | Personal Property | $ - 0 - | 0% | $ - 0 - |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at _____ % per annum **or** ☐ without interest:

_____

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0** % dividend or a pro rata share of $ **0**, whichever is greater.

5. **Executory Contracts.**

(a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/ REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTOR(S) |
|---|---|---|---|---|
| Aaron's, Inc. | Personal Property Lease | Assumed | $196.00 | Debtors |

(b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| Aaron's, Inc. | $ - 0 - |

6.   **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors:  ☐ Direct to the Creditor; **or** ☑ To the Trustee.

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| Americredit Financial Services, Inc. dba GM Financial | $116.00 |
| Professional Financial Services | $168.00 |

7.   **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|

8.   **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| 1st Franklin Financial Corporation | | Household Goods |

9.   **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| Credit Acceptance Corporation | Nissan Motor Vehicle | In Full Satisfaction of Debt |

10.   **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11.   **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s).   An allowed proof of claim will supersede those estimated claims.  In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, objections to claims may be filed before or after confirmation.

12.   **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13.   **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14.   **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly.  If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004.  See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15.   **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise in this local plan form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are void.

   a) UPON GRANT OF DISCHARGE IN THIS CASE, ALL SECURED CREDITORS BEING PAID THROUGH THE PLAN SHALL PROMPTLY RELEASE ALL COLLATERAL HELD AS SECURITY ON LOANS, AND SHALL PROMPTLY RELEASE AND/OR SATISFY ALL SECURITY DEEDS, SECURITY AGREEMENTS, UCC FILINGS, JUDGMENT LIENS, TITLES, AND/OR ANY OTHER LIEN CLAIM OF ANY KIND AGAINST PROPERTY OF THE DEBTOR. THIS PARAGRAPH SHALL IN NO WAY APPLY TO MORTGAGES AND/OR OTHER SECURED DEBTS THAT ARE NOT PAID THROUGH THE CHAPTER 13 PLAN.

   b) ALL PAYMENTS MADE BY THE CHAPTER 13 TRUSTEE TO THE INTERNAL REVENUE SERVICE AND/OR GEORGIA DEPARTMENT OF REVENUE, IF ANY, SHALL BE APPLIED FIRST TO THE PRE-PETITION PRINCIPAL OBLIGATION.

   c) THE PROVISIONS OF PARAGRAPH 9 HEREIN SHALL HAVE NO EFFECT, AND THE STAY SHALL REMAIN IN PLACE AS TO ANY CREDITOR LISTED THEREIN UNTIL PROOF IS PROVIDED THAT THEIR SECURITY INTEREST WAS TIMELY PERFECTED.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated:   *1-17-2020*

_____
*Debtor 1*

_____
*Debtor 2*

_____
*Attorney for the Debtor(s)*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within and foregoing CHAPTER 13 PLAN AND MOTION upon the following parties via CM/ECF electronic mail:

Huon Le
[VIA ECF]

Office of the U. S. Trustee
[VIA ECF]

I hereby certify that I have served a copy of the within and foregoing CHAPTER 13 PLAN AND MOTION by First Class Mail, placing same in the United States Mail with proper postage affixed thereon, to the following addresses:

SEE ATTACHED EXHIBIT "A"

I hereby certify that I have served a copy of the within and foregoing CHAPTER 13 PLAN AND MOTION on the following corporations, addressed to an Agent or Officer, by First Class Mail, placing same in the United States Mail with proper postage affixed thereon, to the following addresses:

1st Franklin Financial Corporation
Attn: Officer or Agent
P.O. Box 1409
Thomson, GA 30824-1409
(as shown on Exhibit "A")

1st Franklin Financial Corporation
Attn: Ben Cheek, III, Registered Agent
135 East Tugalo Street
Toccoa, GA 30577

1st Franklin Financial Corporation
Attn: Officer or Agent
P.O. Box 880
Toccoa, GA 30577-0880

Americredit Financial Services, Inc.
Attn: CSC of Cobb County, Inc., Registered Agent
192 Anderson Street SE, Suite 125
Marietta, GA 30060-1930

Americredit Financial Services, Inc. dba
GM Financial, Attn: Officer or Agent
P.O. Box 183853
Arlington, TX 76096-3853
(as shown on Exhibit "A")

W. S. Badcock Corporation
Attn: Officer or Agent
P.O. Box 724
Mulberry, FL 33860-0724
(as shown on Exhibit "A")

W. S. Badcock Corporation, Attn: C T
Corporation System, Registered Agent
289 S. Culver Street
Lawrenceville, GA 30046-4805
(as shown on Exhibit "A")

W. S. Badcock Corporation
Attn: Officer or Agent
P.O. Box 1260
Thomson, GA 30824

I hereby certify that I have served a copy of the within and foregoing CHAPTER 13 PLAN MOTION

on the following insured depository institutions, addressed to an Officer of the institution, by Certified Mail

with proper postage affixed thereon, to the following addresses:

N/A

This 20th day of January, 2020.

Charles W. Wills
Attorney for Debtors

WILLS LAW FIRM, LLC
P.O. Box 1620
Thomson, GA 30824
706-595-8100

EXHIBIT "A"

Label Matrix for local noticing
113J-1
Case 20-10075-SDB
Southern District of Georgia
Augusta
Fri Jan 17 16:25:44 EST 2020

1ST FRANKLIN FINANCIAL CORPORATION
ATTN:  OFFICER OR AGENT
P.O. BOX 1409
THOMSON GA 30824-1409

(p)1ST FRANKLIN FINANCIAL CORPORATION
PO BOX 880
TOCCOA GA 30577-0880

AARON'S, INC.
ATTN: BANKRUPTCY DEPT
P.O. BOX 100039
KENNESAW GA 30156-9239

AFNI, INC.
1310 MARTIN LUTHER KING DRIVE
P.O. BOX 3517
BLOOMINGTON IL 61702-3517

AMERICAN FIRST FINANCE, INC.
3515 N. RIDGE ROAD #200
WICHITA KS 67205-1206

AMERICAN FIRST FINANCE, INC.
P.O. BOX 565848
DALLAS TX 75356-5848

AMERICREDIT FINANCIAL SERVICES, INC.
ATTN: CSC OF COBB COUNTY, INC.
192 ANDERSON STREET SE, SUITE 125
MARIETTA GA 30060-1930

AMERICREDIT FINANCIAL SERVICES, INC. DBA
GM FINANCIAL, ATTN: OFFICER OR AGENT
P.O. BOX 183853
ARLINGTON TX 76096-3853

AT&T BANKRUPTCY CENTER
P.O. BOX 769
ARLINGTON TX 76004-0769

BELLSOUTH TELECOMMUNICATIONS, INC.
AT&T SERVICES, INC.
ONE AT&T WAY, ROOM 3A104
BEDMINSTER NJ 07921-2694

BRIDGECREST CREDIT COMPANY, LLC
FKA DRIVETIME/DT CREDIT
P.O. BOX 29018
PHOENIX AZ 85038-9018

CB INDIGO
P.O. BOX 499
BEAVERTON OR 97076

COMENITY BANK
BANKRUPTCY DEPARTMENT
P.O. BOX 182125
COLUMBUS OH 43218-2125

COMMONWEALTH FINANCIAL SYSTEMS
245 MAIN STREET
DICKSON CITY PA 18519-1641

CREDIT ACCEPTANCE CORPORATION
25505 W. 12 MILE ROAD
SUITE 3000
SOUTHFIELD MI 48034-8331

CREDIT ONE BANK
P.O. BOX 98873
LAS VEGAS NV 89193-8873

Charles W. Mills
Mills Law Firm, LLC
318 Jackson Street
P.O. Box 1620
Thomson, GA 30824-5620

(p)DIRECTV LLC
ATTN BANKRUPTCIES
PO BOX 6550
GREENWOOD VILLAGE CO 80155-6550

DISH NETWORK
DEPT 0063
PALATINE IL 60055-0063

DISH NETWORK
P.O. BOX 94063
PALATINE IL 60094-4063

DIVERSIFIED CONSULTANTS, INC.
P.O. BOX 551268
JACKSONVILLE FL 32255-1268

DOCTORS HOSPITAL
3651 WHEELER ROAD
AUGUSTA GA 30909-6426

FBCS, INC.
330 S. WARMINSTER ROAD
SUITE 353
HATBORO PA 19040-3433

FEDLOAN SERVICING CREDIT
P.O. BOX 60610
HARRISBURG PA 17106-0610

FIRST PREMIER BANK
P.O. BOX 5524
SIOUX FALLS SD 57117-5524

(p)GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202

Danielle GjennetteCales Gilbert
4690 Scarber Road
Gibson, GA 30810-5269
(duplicate)

Kenneth Howard Gilbert
4690 Scarber Road
Gibson, GA 30810-5269
(duplicate)

I.C. SYSTEM, INC.
444 HIGHWAY 96 EAST
P.O. BOX 64378
SAINT PAUL MN 55164-0378

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA PA 19101-7346

Kenneth Howard Gilbert
Danielle GlennetteCales Gilbert
4690 Scarber Road
Gibson GA 30810-5269

Huan Le
P.O. Box 2127
Augusta, GA 30903-2127
(via CM/ECF)

Office of the U. S. Trustee
Johnson Square Business Center
2 East Bryan Street, Ste 725
Savannah, GA 31401-2638
(via CM/ECF)

PROFESSIONAL FINANCIAL SERVICES
3112-G WASHINGTON ROAD
AUGUSTA GA 30907-0818

PROGRESSIVE LEASING
256 W. DATA DRIVE
DRAPER UT 84020-2315

QUEENSBOROUGH NATIONAL BANK & TRUST
ATTN: KATHY COBB
P.O. BOX 467
LOUISVILLE GA 30434-0467

RNR TIRE EXPRESS
3740 WASHINGTON ROAD
AUGUSTA GA 30907-4196

SANTANDER CONSUMER USA INC.
P.O. BOX 560284
DALLAS TX 75356-0284

(p)SPRINT NEXTEL CORRESPONDENCE
ATTN BANKRUPTCY DEPT
PO BOX 7949
OVERLAND PARK KS 66207-0949

STATE FARM INSURANCE
ONE STATE FARM PLAZA
BLOOMINGTON IL 61710-0001

(p)UNIVERSITY HEALTH SERVICES  INC
ATTN COLLECTIONS DIVISION
620 THIRTEENTH ST
AUGUSTA GA 30901-1008

VERIZON WIRELESS
3 VERIZON PL
ALPHARETTA GA 30004-8510

VIASAT
5202 W. DOUGLAS CORRIGAN WAY
SUITE 300
SALT LAKE CITY UT 84116-3281

VICTORIA'S SECRET/COMENITY BANK
P.O. BOX 182789
COLUMBUS OH 43218-2789

(p)W S BADCOCK CORPORATION
POST OFFICE BOX 724
MULBERRY FL 33860-0724

W. S. BADCOCK CORPORATION
ATTN: OFFICER OR AGENT
P.O. BOX 724
MULBERRY FL 33860-0724

W. S. BADCOCK CORPORATION, ATTN: C T
CORPORATION SYSTEM, REGISTERED AGENT
289 S. CULVER STREET
LAWRENCEVILLE GA 30046-4805

WELLS FARGO BANK
420 MONTGOMERY STREET
SAN FRANCISCO CA 94104-1298

Charles W. Wills
Wills Law Firm, LLC
P.O. Box 1620
318 Jackson Street
Thomson, GA 30824-2901

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

1ST FRANKLIN FINANCIAL CORPORATION
ATTN: BEN CHEEK, III, REGISTERED AGENT
135 EAST TUGALO STREET
TOCCOA GA 30577

DIRECTV
P.O. BOX 6550
GREENWOOD VILLAGE CO 80155-6550

GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION; ARCS BANKRUPTCY
1800 CENTURY BLVD, NE, SUITE 9100
ATLANTA GA 30345-3202

SPRINT NEXTEL CORPORATION
ATTN: BANKRUPTCY DEPT
P. O. BOX 7949
OVERLAND PARK KS 66207-0949

UNIVERSITY HEALTH SERVICES
620 13TH STREET
AUGUSTA GA 30901

W. S. BADCOCK CORPORATION
ATTN:  OFFICER OR AGENT
P.O. BOX 1260
THOMSON GA 30824

End of Label Matrix
Mailable recipients    49
Bypassed recipients     0
Total                  49